**DUANE A. BOSWORTH, OSB #825077**
duanebosworth@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW 5th Ave, Ste 2400
Portland, Oregon  97201-5610
Telephone:  503-778-5224
Facsimile:   503-778-5299

Attorneys for Sony Pictures Entertainment Inc.
and Columbia Pictures Industries, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BRADLY M. CUNNINGHAM, SR., AN INDIVIDUAL; AND ON BEHALF OF MY TO-BE-FORMED RESIDUAL ESTATE,**<br><br>              **PLAINTIFF**,<br><br>      v.<br><br>**SONY PICTURES ENTERTAINMENT, A CORPORATION; COLUMBIA TRISTAR; NATIONAL BROADCASTING CORPORATION AKA NBC UNIVERSAL; AND JANE AND JOHN DOES 1 - 100,**<br><br>              **DEFENDANTS**. | Case No. 3:17-cv-1686-SI<br><br>**SPECIAL MOTION TO STRIKE, PURSUANT TO ORS 31.150, ET SEQ.** |

### I.     MOTION

Pursuant to ORS 31.150 et seq., defendants Sony Pictures Entertainment Inc. (incorrectly named Sony Pictures Entertainment in plaintiff's caption) and Columbia Pictures Industries, Inc. (incorrectly named Columbia Tristar in plaintiff's caption) (hereinafter "Sony" and "Columbia", or jointly "defendants") make this Special Motion to Strike all claims against them.  Plaintiff's claims arise from statements made to the public in a docudrama entitled *Dead by Sunset*.  Plaintiff is currently serving a life sentence for murdering his wife.  The docudrama concerns plaintiff's wife's murder and the events leading up to that murder.  Under ORS 31.150, et seq.,

Page 1 - SPECIAL MOTION TO STRIKE, PURSUANT TO O.R.S. 31.150, ET SEQ.

4825-5584-5208v.3 0050033-004060

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

plaintiff is required to but cannot establish a probability he will prevail on his claims. These claims are defeated as a matter of law. This motion is supported by the Declaration of Duane A. Bosworth ("Bosworth Decl.") and its attached exhibits.

## II.     MEMORANDUM OF LAW

### A.     Introduction

Plaintiff began making the same core claims, against the same defendants, concerning the same docudrama, in November 1995. Plaintiff has previously brought these claims three times in the United States District Court for Oregon (Case No. cv-95-1833 MA; Case No. cv-96-579 HO; and Case No. cv-98-1409 HO); three times before the Ninth Circuit (Case No. 96-35331; Case No. 96-35742; and Case No. 99-35835); in Marion County Circuit Court (Case No. 01CI19676 (11/6/2001)); in Washington County Circuit Court (Case No. C033490CV (10/8/2003)); and in a mandamus proceeding in the Oregon Supreme Court, No. S50375. Every claim that plaintiff has filed, going back to 1995, has been dismissed. Defendants describe herein why the instant claims should be dismissed.

### B.     The purpose of Oregon's anti-SLAPP statute

The Oregon Legislature has created in Oregon's Special Motion to Strike, ORS 31.150 et seq., commonly known as an "anti-SLAPP" motion, a statutory procedure to dismiss any claim arising out of public speech, concerning issues of public interest, if the claim is not factually or legally well-founded. SLAPP is an acronym for "strategic lawsuits against public participation." *Handy v. Lane County*, 306 Or 605, n 4 (2016), citing *Neumann v. Liles*, 358 Or 706, 722 (2016). In enacting this procedure, the legislature sought to protect public speech. The Oregon Supreme Court has confirmed in *Handy* that Oregon's anti-SLAPP statute is designed to achieve the "legislature's goal of bringing a quick end to SLAPP suits * * *," *Handy* at 620, and "[the special motion's] goal is to permit defendants who are targeted for their statements to end such suits quickly and with minimal expense." Id., n 4. The Supreme Court similarly described these purposes in *Neumann v. Liles*, 358 Or 706,723 (2016), citing previous Oregon decisions:

Page 2 - SPECIAL MOTION TO STRIKE, PURSUANT TO O.R.S. 31.150, ET SEQ.

4825-5584-5208v.3 0050033-004060

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

See *Staten v. Steel*, 222 Or. App. 17, 29, 191 P.3d 778 (2008), rev. den., 345 Or. 618, 201 P.3d 909 (2009) (purpose of ORS 31.150 is "to provide for the dismissal of claims against persons participating in public issues * * * before the defendant is subject to substantial expenses in defending against them"); Horton v. *Western Protector Ins. Co.*, 217 Or. App. 443, 452, 176 P.3d 419 (2008) ("[I]t is apparent that the legislature envisioned a process that would provide an expedited resolution to the litigation that is the subject of ORS 31.150 to 31.155.") (citing legislative history).

As succinctly described in *Young v. Davis*, 259 Or. App. 497 (2013), cited most recently in *Bryant v. Recall for Lowell's Future Committee*, 286 Or. App. 691, 692 (2017):

> [T]he resolution of a special motion to strike under Oregon's anti-SLAPP statute requires that the court engage in a two-step burden-shifting process. First, the court must determine whether the defendant has met its initial burden to show that the claim against which the motion is made "arises out of" one or more protected activities described in subsection (2). Second, if the defendant meets its burden, "the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case."

Young, 259 Or. App. at 501.

C. **Argument**

1. **Plaintiff's claims arise out of conduct described in ORS 31.150(2)(d).**

The first step in anti-SLAPP analysis is for the Court to determine whether plaintiff's claims arise out of conduct described in ORS 31.150(2). In *Mullen v. Meredith Corporation*, 271 Or. App. 698 (2015), for example, the Oregon Court of Appeals held that a news story concerning gun shots fired in a neighborhood was plainly conduct described in ORS 31.150(2)(d), that is "conduct in furtherance of the exercise of free speech in connection with an issue of public interest." *Id*. at 706. Defendant's docudrama concerns the murder of plaintiff's wife and the background to that murder, leading up to plaintiff's conviction and life sentence. This docudrama clearly concerns "an issue of public interest." Were there the slightest question about this, it should be remembered that the Oregon legislature has expressly instructed that provisions of the anti-SLAPP statute "are to be liberally construed in favor of the exercise of the rights of expression described in ORS 31.150(2)." ORS 31.152(4). Plaintiff's claims arise out

Page 3 - SPECIAL MOTION TO STRIKE, PURSUANT TO O.R.S. 31.150, ET SEQ.

4825-5584-5208v.3 0050033-004060

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

of conduct described in 31.150(2)(d).  Defendants meet their anti-SLAPP initial burden of establishing that plaintiff's claims arise out of conduct described in ORS 31.150(2).

### 2. The framework for anti-SLAPP's second step

In the second anti-SLAPP step the burden shifts to plaintiff "to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case."  ORS 31.150(3).  "The court shall grant the [anti-SLAPP motion] unless the plaintiff establishes [that it meets the burden] provided by subsection (3)."  ORS 31.150(1).

Oregon statute and appellate decisions have established the following:

- In determining whether a plaintiff has met its burden, "the court shall consider pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based."  ORS 31.150(4).

- Plaintiff may not rely on the allegations in its complaint, or information provided only in argument.  *Plotkin v. State Accident Ins. Fund*, 280 Or. App. 812, 815 (2016).

- All evidence put forth in plaintiff's attempt to meet its burden will necessarily be contained in declarations (or "affidavits").  ORS 31.150(4).

- The evidence to be considered by a court regarding plaintiff's burden must be admissible.  *Young v. Davis*, 259 Or. App. at 508; *Oregon Education Ass'n v. Parks*, 253 Or. App. 558, 567 (2012).

- Establishing a prima facie case means providing evidence regarding each element of plaintiff's claim, in other words, establishing that "plaintiff has presented enough evidence to avoid a directed verdict," *Handy*, 360 Or at 618, or in similar words, that plaintiff has presented evidence that would allow its claim to be submitted to a jury or fact finder.

- In deciding whether plaintiff's claim is defeated as a matter of law "the trial court

Page 4 - SPECIAL MOTION TO STRIKE, PURSUANT TO O.R.S. 31.150, ET SEQ.

4825-5584-5208v.3 0050033-004060

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

"examine[s] issues of law and fact." *Robinson v. DeFazio*, 286 Or. App. 709, 713 (2017).  Plaintiff meets its burden only by "demonstrating that 'the complaint is both *legally sufficient* and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'" *Handy*, 360 Or at n 11, quoting with approval *Matson v. Dvorak*, 40 Cal App 4th 539, 548, 46 Cal Rptr 2d 880 (1995) (emphasis added).

With this background, defendants address each of plaintiff's putative claims.

### 3. Plaintiff cannot establish a probability he will prevail

#### a. Plaintiff's apparent attempt to state a 42 USC § 1983 claim is defeated as a matter of law.

Plaintiff alleges, in a single conclusory sentence, that defendants have violated his First, Fourth, Eighth and Fourteenth Amendment rights.  He has not alleged, however, that defendants acted under color of state law, nor could he.  This Court's records show that Judge Michael Hogan dismissed as frivolous plaintiff's § 1983 claim against these defendants in 1996, in cv-00579-HO.  The Ninth Circuit affirmed that dismissal in April 1998, holding in pertinent part that plaintiff did not allege that any defendant, including the two defendants in the instant matter, "acted under color of state law."  142 F.3d 443 (1998) (A copy of this opinion is attached to Bosworth Decl., Ex. 1).  Nearly twenty years later, plaintiff makes the same claim against the same defendants, again without any allegation that they acted under color of state law.  Any § 1983 claim Plaintiff has attempted to state should be dismissed as a matter of law.

#### b. Plaintiff's defamation claim is barred by ORS 31.200 et seq.

Plaintiff alleges that he made a timely demand for retraction pursuant to ORS 31.215.  His latest argument is that the docudrama in question "was viewed by me for the first time October 25, 2016" and that he sent a 44-page retraction demand two days later, attached to his instant complaint.  This is at odds with established facts.  Court records demonstrate that Plaintiff has been making defamation claims arising out of statements in the docudrama for many years

Page 5 - SPECIAL MOTION TO STRIKE, PURSUANT TO O.R.S. 31.150, ET SEQ.

4825-5584-5208v.3 0050033-004060

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

before the instant complaint. Bosworth Decl., Ex. B. For just one example, plaintiff sued Columbia for defamation, in Case No. C033490CD, Washington County Circuit Court, filed in October 2003. Columbia's motion for summary judgment confirms that plaintiff alleged defamation claims against Columbia arising out of statements made in the docudrama in question.

ORS 31.215(1) requires plaintiff to make a retraction demand "within twenty days after the defamed person receives actual notice of the defamatory statement." Plaintiff makes absolutely no assertion that he has identified any new defamatory statement in his latest claim about seeing the docudrama. Plaintiff has been suing the instant defendants for allegedly defamatory statements arising out of the same, *unchanged* docudrama for years. Plaintiff has not complied with the requirement in ORS 31.215(1) that he demand a retraction within 20 days of knowledge of any defamatory statement. Plaintiff is barred from bringing his defamation claim.

          c.      **Defendant's defamation claim is also barred by ORS 12.120(2)**

Oregon's statute of limitations for defamation is one year. ORS 12.120(2). The statute begins to run on the day allegedly defamatory statements are made public. *See Workman v. Rajneesh Foundation Intern.*, 84 Or. App. 226, 230-231, 733 P.2d 908 (1987) (the defamation statute of limitations began to run when the allegedly defamatory statements were made at a public meeting, even if plaintiff was out of the country when the statements were made). *See also LaHodny v. 48 Hours*, 2015 U.S. Dist. LEXIS 38477, 2015 WL 1401676, at 3 (D. Or. 2015); *deParrie v. Hanso*, 200 U.S. Dist. LEXIS 23512, 2000 WL 900485, at *4 (D. Or. 2015); and *Coke v. Sunnyside Marketplace, LLC*, 212 Or. App. 509, 519 (2007). The docudrama in question here was broadcast nationally in November 1995 and plaintiff filed a complaint alleging defamatory statements that year. Bosworth Decl., ¶ 4. Plaintiff's instant complaint is filed two decades beyond the applicable statute of limitations period.

          d.      **Defendant's putative false light claim is barred by ORS 12.120(2)**

Page 6 - SPECIAL MOTION TO STRIKE, PURSUANT TO O.R.S. 31.150, ET SEQ.

4825-5584-5208v.3 0050033-004060

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Plaintiff also apparently attempts to state a false light claim.  The statute of limitations for such a claim is one year where the false light claim alleges facts that also constitute a claim for defamation.  *Logan v. West Coast Benson Hotel*, 981 F. Supp. 1301, 1321 (D. Or. 1997); *Magenis v. Fisher Broadcasting, Inc.*, 103 Or. App. 555, 559-60, 798 P.2d 1106 (1990).  Plaintiff makes no false light allegations that do not also constitute claims for defamation.  As above, the one-year statute of limitations runs from the time such alleged false light statements were made publicly.  *See Workman v. Rajneesh*, 84 Or. App. at 231.  That occurred more than two decades ago.  Any putative false light claim should be dismissed as a matter of law.

        **e.**      **If Plaintiff is attempting to allege the tort of publication of private facts, that claim should be dismissed as a matter of law.**

Plaintiff provides a solitary, conclusory statement that defendants "disclosed private facts about me," with nothing more alleged.  First, it is not clear that Oregon recognizes a publication of private facts tort as such.  *Anderson v. Fisher Broadcasting Co.,* 300 Or. 452, 469, 712 P.2d 803 (1986).  If it did, plaintiff has not begun to allege the elements required by Restatement (Second) of Torts § 652D.  Moreover, even if he had, ORS 12.110(1), providing a two-year statute of limitations, applies to any claim for injury to a person "not arising on contract and not especially enumerated."  If the tort claim plaintiff is apparently attempting to allege exists under Oregon law, it is barred by ORS 12.110(1).  Plaintiff has known the alleged basis of any such claim for far more than two years.

///
///
///
///
///
///
///

Page 7 - SPECIAL MOTION TO STRIKE, PURSUANT TO O.R.S. 31.150, ET SEQ.

4825-5584-5208v.3 0050033-004060

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

### III. CONCLUSION

Defendants Sony and Columbia respectfully ask the Court to grant their Special Motion to Strike and to dismiss plaintiff's claims.

Dated this 19th day of December, 2017.

**DAVIS WRIGHT TREMAINE LLP**

By  s/ DUANE A. BOSWORTH
DUANE A. BOSWORTH, OSB #825077
duanebosworth@dwt.com
Telephone:  503-778-5224
Facsimile:   503-778-5299

Attorneys for Sony Pictures Entertainment Inc. and Columbia Pictures Industries, Inc.

Page 8 - SPECIAL MOTION TO STRIKE, PURSUANT TO O.R.S. 31.150, ET SEQ.

4825-5584-5208v.3 0050033-004060

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax