# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRADLY M. CUNNINGHAM**, | Case No. 3:17-cv-1686-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **SONY PICTURES ENTERTAINMENT, A CORPORATION; COLUMBIA TRISTAR; NATIONAL BROADCASTING CORPORATION AKA NBC UNIVERSAL; AND JANE AND JOHN DOES 1-100**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff *pro se* Bradly Cunningham is a prisoner currently incarcerated at the Oregon State Penitentiary. On October 24, 2017, Plaintiff filed a complaint against Defendants Sony Pictures, Columbia Tristar, and NBC Universal (collectively, "Defendants") in which he asserts claims under 28 U.S.C. § 1983 and Oregon defamation. Plaintiff's claims arise from statements made to the public in a docudrama entitled *Dead by Sunset*, which concerns the murder of plaintiff's wife and the events leading up to that murder. Plaintiff alleges that the docudrama made various misrepresentations that have resulted in his prolonged incarceration. On December 19, 2017 Defendants filed a special motion to strike under Oregon Rev. Stat. (ORS)

§ 31.150. Plaintiff has subsequently filed a motion to strike, motion to show cause, and two motions for default judgment. Defendants have also filed an additional motion to dismiss NBC Universal from the action. For the reasons given below, Defendants' special motion to strike is granted and the remaining motions are denied.

A special motion to strike under Oregon's Anti-SLAPP statute, ORS § 31.150, allows a defendant "who is sued over certain actions taken in the public arena to have a questionable case dismissed at an early stage." *Staten v. Steel*, 222 Or. App. 17, 27 (2008). In order to have the action dismissed, the defendant must first show that the case arises out of the protected activity identified in ORS § 31.150(2). "If the defendant meets this burden, the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case." ORS § 31.150(3). If the plaintiff cannot meet this burden, the claim should be dismissed without prejudice. ORS § 31.150(1).

Plaintiff's claims arise from "conduct in furtherance of the exercise of the . . . constitutional right of free speech in connection with a public issue or an issue of public interest." Plaintiff is currently serving a life sentence for the murder of his wife. The docudrama at issue in Plaintiff's complaint concerns that murder and the events surrounding it. The Oregon Court of Appeals has, in the past, held that news reporting about a neighborhood shooting concerns an issue of public interest and is therefore protected activity under ORS § 31.150(1). *Mullen v. Meredith Corporation*, 271 Or. App. 298, 706 (2015). So, too, is Defendants' retelling of a widely reported murder. Moreover, Plaintiff does not contest that that the docudrama concerned an issue of public interest.

Because Defendants have demonstrated that Plaintiff's claims arise from a protected exercise of speech, Plaintiff must show, though presentation of "substantial evidence," that he is likely to succeed on his claim. Plaintiff has failed to carry this burden. As a preliminary matter, Plaintiff's § 1983 claims must be dismissed because the Defendants are not state actors, and Plaintiff does not allege that they were acting under color of state law. Although Plaintiff argues in his response brief that "Defendants worked closely with and in the name of the State of Oregon in the production, filming and promotion of" the docudrama, he presents no evidence that this is the case, as is required by ORS 31.150(3).

Plaintiff has also not demonstrated a likelihood of success on his claim for defamation false light. Both claims are time-barred. "[W]hen a claim characterized as false light alleges facts that also constitute a claim for defamation, the claim must be filed within the period for bringing a defamation claim." *Logan v. West Coast Benson* Hotel, 981 F. Supp. 1301 (Sept. 9, 1997) (quoting *Magenis v. Fisher Broadcasting, Inc.*, 103 Or. App. 555, 560 (1990) (internal quotation marks omitted). Plaintiff's allegations that could plausibly be characterized as constituting a false light claim are identical to those constituting his claim for defamation. Oregon's statute of limitations for defamation is one year. ORS 12.120(2). The statute begins to run on the day that the allegedly defamatory statements are made public. *See Workman v. Rajneesh Foundation Intern.*, 84 Or. App. 226, 230-31 (1987). The "discovery rule," which in some cases tolls a statute of limitations until a plaintiff discovers the basis for a claim, does not apply to claims for defamation "given the very public and inherently discoverable nature of the alleged defamatory statements." *LaHodny v. 48 Hours*, 2015 WL 1401676 at *3 (March 24, 2015); *see also deParrie v. Hanzo*, 2000 WL 900485 at *4 (D. Or. 2000). The docudrama that Plaintiff alleges contains defamatory statements was aired in November 1995, twenty-two years before Plaintiff filed this

claim. Plaintiff's claims for defamation and false light are thus time-barred under ORS § 12.120(2).

Although Defendants bring this motion to strike under Oregon's Anti-SLAPP statute, which directs the court to dismiss claims at this early stage without prejudice, dismissal with prejudice is appropriate in this case. The statute of limitations for Plaintiff' state law claims arising from the docudrama ran many years ago. In the twenty-two years since the docudrama was broadcast, Plaintiff has made several unsuccessful attempts to bring a defamation action against Defendants in both state and federal court. ECF 6 at 3, 4. Moreover, Plaintiff has not alleged, and nor does the Court believe Plaintiff plausibly can allege, that Defendants acted under color of state law in the production of the docudrama. Thus, Plaintiff will not be able to correct the deficiencies in either his state law or § 1983 claims through amended pleading.

Defendants' Special Motion to Strike (ECF 5) is GRANTED. Plaintiff's Complaint (ECF 1) is dismissed with prejudice. Plaintiff's Motion to Strike (ECF 12) and two Motions for Entry of Default (ECF 23, 29) are DENIED as moot. Plaintiff's Motion for Order to Show Cause (ECF 17) is without merit and also DENIED. Defendants' Motion to Dismiss (ECF 26) is DENIED as moot.

**IT IS SO ORDERED.**

DATED this 26th day of April 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge